UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CHRISTOPHER SHAWN ROOKS,   )
                           )
            Petitioner,    )
                           )
v.                         )   No. 2:05-cv-252-RLY-WGH
                           )
MARK A. BEZY, Warden,      )
                           )
            Respondent.    )

**E N T R Y**

The petitioner's motion for reconsideration filed on January 18, 2006, has been considered.

In order to have a motion for reconsideration granted, the moving party must meet a high standard. Courts will rarely grant such motions because of their limited function. *Quaker Alloy Casting, Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill. 1988). These motions are designed to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). For example, a motion for reconsideration is appropriate when: (1) a court has patently misunderstood a party; (2) a court has made a decision outside the adversarial issues presented; (3) a court has made an error not of reasoning but of apprehension; or (4) a change in the law or facts has occurred since the submission of the issue. On the other hand, a motion for reconsideration is an "improper vehicle to introduce evidence previously available or to tender new legal theories." *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986).

The motion for reconsideration is directed to the ruling in the Entry of January 5, 2006, denying his motion for summary judgment. The reason this ruling was made, as explained in that Entry, is that "the respondent is not in default." Although the petitioner describes that ruling as "frivolous," and waxes at some length about commercial liens and other matters of doubtful relevance, he does not attempt to establish in any logical manner that the court's statement was in error. The court finds no basis for such an argument, even if it had been attempted, for the record shows no order for his custodian to show cause or to take other action in this case. There has been no step taken which would make his custodian subject to the court's *in personam* jurisdiction in this case. Without acquiring jurisdiction over the respondent, this official's obligation to respond to the habeas petition has not been triggered and he was not and is not in default. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 351 (1999) ("Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.").

On the basis of the foregoing, therefore, the petitioner's motion for reconsideration filed on January 18, 2006, is **denied.**

**IT IS SO ORDERED.**

Date: 01/24/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Christopher Shawn Rooks
REG NO 05919-031
U.S. Penitentiary
P O BOX 12015
Terre Haute, IN 47801