UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHRISTOPHER SHAWN ROOKS,       ) | |
| ) | |
| Petitioner,       ) | |
| v.       ) | No. 2:05-cv-252-RLY-WGH |
| ) | |
| MARK A. BEZY, Warden,       ) | |
| ) | |
| Respondent.       ) | |

**Entry Concerning Selected Matters**

The petition of Christopher Rooks for a writ of habeas corpus was dismissed for lack of jurisdiction because the court found that he had failed to carry his burden of establishing that he could challenge the validity of his sentence using 28 U.S.C. § 2241(c)(3). Judgment was entered on the clerk's docket on April 26, 2006. The entry of judgment has been followed by the filing on May 8, 2006, of Mr. Rooks' objection to the Judgment, of his motion for leave to file an amended complaint, and of his motion for an extension of time. Each such motion is addressed in this Entry, each was signed by Mr. Rooks on May 4, 2006, and under the circumstances of this case each such motion can be deemed to have been "filed" on the date it was signed. *Jones v. Bertrand,* 171 F.3d 499 (7th Cir. 1999).

**I.**

The objection to the disposition was filed within ten (10) working days from the entry of judgment on the clerk's docket and seeks substantive relief from that disposition. All motions that substantively challenge the judgment, filed within 10 business days of the entry of judgment will be treated as based on Rule 59, "no matter what nomenclature the movant employs." *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin,* 957 F.2d 515, 517 (7th Cir. 1992).

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir. 2000)). There has been no showing of such an error in this case. Thus, the court neither overlooked a viable claim nor incorrectly evaluated the claim which was presented. Additionally, the petitioner does not argue that his motion rests on newly discovered evidence. Treating the post-judgment "objection" as a motion to alter or amend judgment, therefore, the motion is **denied.**

**II.**

Mr. Rooks seeks an extension of time of 60 days in which to show that his remedy via 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. That request is **denied** in two respects. First, it was his burden to make such a showing in his habeas petition itself. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001)*; Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999). Second, the court is not empowered to extend the time for the filing of a motion to alter or amend judgment, **FED.R.CIV.P.** 6(b); *Hope v. United States,* 43 F.3d 1140, 1143 (7th Cir. 1994), *cert. denied,* 115 S. Ct. 2558 (1995), and the petitioner has a "reasonable" time (up to one (1) year from the entry of judgment) in which to file a motion pursuant to Rule 60(b), requiring no extension.

**III.**

Mr. Rooks has included with his post-judgment filings a motion for leave to file an amended complaint.

"[A] party cannot request leave to amend following a final judgment unless that judgment has been vacated." *Weiss v. Cooley,* 230 F.3d 1027, 1034 (7th Cir. 2000). No relief has been granted from the final judgment entered on the clerk's docket on April 26, 2006. Accordingly, the motion for leave to file an amended complaint (petition) must be **denied.**

**IT IS SO ORDERED.**

Date: 05/16/2006

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Christopher Shawn Rooks
REG NO 05919-031
U.S. Penitentiary
P O BOX 12015
Terre Haute, IN 47801